**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 29 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES ELLIS JOHNSON, | No. 12-16304 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-00647-LB |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Laurel Beeler, Magistrate Judge, Presiding[**]

Submitted May 13, 2015[***]

Before:    LEAVY, CALLAHAN, and M. SMITH, Circuit Judges.

James Ellis Johnson appeals pro se from the district court's summary

judgment in his Federal Tort Claims Act ("FTCA") action alleging medical

malpractice in connection with treatment provided by the Department of Veterans

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Affairs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Ford v. City of Yakima*, 706 F.3d 1188, 1192 (9th Cir. 2013) (per curiam) (cross-motions for summary judgment). We may affirm on any basis supported by the record, *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1047 (9th Cir. 2009), and we affirm.

The district court properly granted summary judgment for defendant on Johnson's premature discharge claim because Johnson failed to raise a genuine dispute of material fact as to whether defendant's alleged breach of duty caused any of Johnson's injuries. *See Conrad v. United States*, 447 F.3d 760, 767 (9th Cir. 2006) (in an FTCA action, the law of the state in which the alleged tort occurred applies); *Johnson v. Superior Court*, 49 Cal. Rptr. 3d 52, 58 (Ct. App. 2006) (elements of medical malpractice claim under California law and expert evidence requirement); *see also Miranda v. Bomel Constr. Co., Inc.*, 115 Cal. Rptr. 3d 538, 545-46 (Ct. App. 2010) (in a personal injury action, causation must be proven within a reasonable medical probability based upon competent expert testimony; mere possibility alone is insufficient).

The district court properly granted summary judgment for defendant on Johnson's remaining claims because Johnson failed to raise a genuine dispute of

material fact as to at least one element of his claims. *See Johnson*, 49 Cal. Rptr. 3d at 58.

The district court did not abuse its discretion in its evidentiary rulings. *See Sea-Land Serv., Inc. v. Lozen Int'l, LLC*, 285 F.3d 808, 813 (9th Cir. 2002) (standard of review; reversal is appropriate for an evidentiary error at summary judgment only when the error is prejudicial).

The district court did not abuse its discretion by denying Johnson's motion for reconsideration because Johnson failed to establish grounds for such relief. *See Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (standard of review and grounds for reconsideration under Fed. R. Civ. P. 59(e) and 60(b)); *see also* N.D. Cal. Civ. L.R. 7-9 (requirements for motions to reconsider); *Hinton v. Pac. Enters.*, 5 F.3d 391, 395-96 (9th Cir. 1993) (standard of review for the application of a local rule).

The district court did not abuse its discretion by denying Johnson's motions to compel responses to interrogatories. *See Preminger v. Peake*, 552 F.3d 757, 768 n.10 (9th Cir. 2008) (standard of review); *see also Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (noting the district court's broad discretion in discovery matters and "actual and substantial prejudice" requirement).

The district court did not abuse its discretion by denying Johnson's motion for recusal under 28 U.S.C. § 455 because Johnson did not establish a ground for recusal. *See* 28 U.S.C. § 455(b)(3); *United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) (discussing grounds for recusal under 28 U.S.C. § 455). Moreover, to the extent that the motion was brought under 28 U.S.C. § 144, there was no error in failing to refer the motion to another judge because Johnson failed to support his motion with a legally sufficient affidavit. *See* 28 U.S.C. § 144 ("timely and sufficient affidavit" requirement); *id.* § 1746 ("unsworn declaration" requirement).

We reject Johnson's contentions concerning the deposition of his treating physician, the manner in which the district court conducted the hearing on summary judgment, the alleged conspiracy to undermine his litigation efforts, and defendant's alleged failure to engage in meaningful settlement discussions.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**